
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| MULTI-MARKETING, INC., | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 7:08-CV-00268-LSC |
| | ] | |
| THE TRAVELERS INDEMNITY COMPANY OF AMERICA, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION and ORDER

The Court acknowledges a dispute between the two parties regarding the discoverability of the amount of reserves established by Travelers Indemnity Company of America ("Travelers") to cover the insurance claim presently in dispute. The issue has been briefed by the parties and is ripe for review. Because Multi-Marketing, Inc. ("Plaintiff") argues that the reserves are discoverable for the purpose of showing bad faith in relation to an unreasonably low settlement offer, Travelers is ordered to produce all reserve information not subject to attorney-client privilege relative to this claim.

The discoverability of reserve information depends on the particular facts of the case and the purpose for which it is sought. *Oneok, Inc. v. Nat'l Union Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 73006 *4 (N.D. Okla. Sept. 28, 2007) ("[E]ach case must be decided on its own facts."); *See United States Fire Ins. Co. v. Bunge N. Am., Inc.*, 2007 U.S. Dist. LEXIS 38754 *40-43 (D. Kan. May 25, 2007) (analyzing cases on both sides of the relevancy divide and finding that it is "appropriate to determine relevancy of reserve information on a case-by-case basis by considering the claims and defenses pled, as well as any specific facts presented regarding why the insured believes the information is relevant and how the insurers in that particular case actually set reserves."). As a general matter, if reserve information is sought for the purpose of establishing the value of a claim, then it is not discoverable. *See, e.g., Signature Dev. Cos. v. Royal Ins. Co. of Am.*, 230 F.3d 1215, 1223-24 (10th Cir. 2000). However, when reserve information goes to a party's subjective state of mind, as in a bad faith claim for instance, it generally is discoverable. *See Cent. Ga. Anesthesia Servs., P.C. v. Equitable Life Assur. Soc'y of the United States*, 2007 U.S. Dist. LEXIS 53791 *6-7 (M.D. Ga. July 25, 2007) ("The overwhelming majority of courts,

however, find reserves discoverable, especially in cases involving bad faith claims because, although mandated, the reserves do bear some relationship to the insured's calculation of its potential liability."); *Bros. Petroleum, LLC v. Underwriters at Lloyd's London*, 2008 U.S. Dist. LEXIS 51389 *8 (E.D. La. July 2, 2008). Therefore, as with most discovery matters, the court will look to the justifications given supporting the request for this information as well as whether the discovery of reserves is likely to lead to admissible evidence.

Plaintiff cites two reasons reserve information set by Travelers should be discoverable in this case. First, Plaintiff claims that the fact that Travelers never adjusted the reserves goes to bad faith. Secondly, Plaintiff argues that by comparing the amount of the reserve to the settlement offer made by Travelers, Plaintiff may be able to show Travelers acted in bad faith by offering a settlement that was substantially lower than its estimation of the potential value of the claim.

Plaintiff's latter argument is sufficient to justify allowing reserve information to be discovered. Plaintiff's first argument, that Travelers's failure to adjust the reserve goes to bad faith, does not show the necessity

of seeing the number itself. Travelers has admitted that it did not adjust the reserves. Plaintiff's second argument, however, is more availing. The facts of *Bernstein v. Travelers Insurance Company* are similar to the case at bar. 447 F. Supp. 2d 1100 (N.D. Cal. 2006). In *Bernstein*, the court found reserves to be discoverable as the plaintiff in that case claimed that Travelers refused to pay a claim in order to induce the plaintiff to accept a settlement offer "that Travelers knew was appreciably smaller than the real value of plaintiff's claims." *Id.* at 1108. The court determined, "It is only by asking Travelers to explain how, specifically, it arrived at each reserve amount that plaintiffs' counsel can effectively explore the reasoning Travelers used – and thus try to expose discrepancies between Travelers' internal assessments and its external communications and conduct." *Id.* at 1108-09. In the instance case, the plaintiffs have made similar claims regarding bad faith on the part of Travelers. The Court finds the reasoning in *Bernstein* compelling, and is satisfied that discovery of reserve information related to the Plaintiff's claim may lead to admissible

evidence.[1]  The Court will determine the admissibility of any information derived from discovery at a later date.  Travelers is therefore ordered to produce all reserve information not subject to attorney-client privilege.

Done this 15th day of January 2009.

                                   L. SCOTT COOGLER
                         UNITED STATES DISTRICT JUDGE
                                                      153671

---

[1] Travelers claim of work-product doctrine is unavailing.  Work-product doctrine only applies to information prepared with an eye towards the realistic possibility of impending litigation.  The fact that insurance companies are often involved in litigation is not sufficient to shield it from all discovery of information prepared in anticipation of a claim on an insurance policy.